UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

ABLE BODY TEMPORARY SERVICES,
INC.

        Debtor.

_____/

Christine Herendeen, as Chapter 7 Trustee
of ABLE BODY TEMPORARY SERVICES,
INC.,

        Plaintiff,

vs.

Regions Bank,

        Defendant.

_____/

Case No. 8:13-bk-06864-CED
Chapter 7

Adv. Pro. 8:15-ap-00118-CED

## REGIONS BANK'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND DEMAND FOR JURY TRIAL

Regions Bank, an Alabama state chartered bank ("Regions"), hereby answers the correspondingly numbered allegations of the Complaint and Demanded For Jury Trial [Doc. 1] in this adversary proceeding and asserts its affirmative defenses and contests Plaintiff's demand for jury trial, as follows:

**I.**     **PARTIES**

    1.     Regions admits the allegations of paragraph 1.

    2.     Regions admits the allegations of paragraph 2.

112364850.1

3. Regions admits the allegations of paragraph 3 solely to the extent paragraph 3 alleges that Regions is an Alabama state chartered bank, a citizen of the State of Alabama with its principal place of business in Jefferson County, Alabama, that Regions is authorized to conduct business in the State of Florida, and that Regions is subject to the personal jurisdiction of this Court. Otherwise, Regions is without knowledge of, and therefore denies, all other allegations in paragraph 3.

4. Regions responds that to the extent that the allegations of paragraph 4 of the Complaint are based upon information contained in public records, those records speak for themselves and Regions is otherwise without knowledge of those allegations.

## II. JURISDICTION AND VENUE

5. Regions admits that this Court has subject matter jurisdiction of the claims set forth in the Complaint, however, the remainder of the allegations of paragraph 5 contain legal argument speculation and conjecture of which Regions is without knowledge other than to refer, and incorporate by reference, the Amended Standing Order of Reference Cases Arising Under Title II, United States Code Case No.: 6:12-MC-26-ORL-22 entered by the District Court on February 22, 2012.

6. Regions is without knowledge of the allegations contained in paragraph 6 as they relate to the phrase "engaged in business with" and therefore denies the allegations of paragraph 6.

7. Regions admits that venue is proper in the Middle District of Florida, and that Regions is subject to the Court's personal jurisdiction.

III. **GENERAL ALLEGATIONS**

    A.    **The Businesses**

    8.    Regions admits that the Mongelluzzis operated temporary labor staffing companies but is without knowledge of the remaining allegations contained in paragraph 8 and therefore denies them.

    9.    Regions admits that the Mongelluzzis operated temporary labor staffing companies but is without knowledge of the remaining allegations contained in paragraph 9 and therefore denies them.

    10.    Regions admits that the Able Body Labor Businesses were headquartered in Clearwater, Florida but is without knowledge of the remaining allegations contained in paragraph 10 and therefore denies them.

    11.    Regions is without knowledge of the allegations contained in paragraph 11 and therefore denies them.

    12.    Regions is without knowledge of the allegations contained in paragraph 12 and therefore denies them.

    B.    **The Mongelluzzis and the Debtor's Banking Relationship with Regions**

        1. **The Regions-Debtor Bank Accounts**

    13.    Regions is without knowledge of the allegations contained in paragraph 13 and therefore denies them except to the limited extent that the allegations are drawn from Regions' records and, to that extent, those records speak for themselves.

    14.    Regions is without knowledge of the allegations contained in paragraph 14 and therefore denies them except to the limited extent that the allegations are drawn from Regions' records and, to that extent, those records speak for themselves.

15. Regions is without knowledge of the allegations contained in paragraph 15 and therefore denies them. Answering further, Regions specifically denies that it owed or had any duty to perform any of the allegations in paragraph 15, including to conduct any "due diligence."

16. Regions is without knowledge of the allegations contained in paragraph 16 and therefore denies them. Answering further, Regions specifically denies that it owed or had any duty to perform any of the allegations in paragraph 16.

17. Regions denies the allegations of paragraph 17 of the Complaint, including that it owed or had any duty to perform any of the allegations in paragraph 17. Answering further, without limitation or qualification to the foregoing denials, Regions denies that it "permitted" any of the types of "banking transactions" alleged in paragraph 17.

18. Regions denies the allegations of paragraph 18 of the Complaint.

## 2. The Regions Revolver and Other Loans

19. Regions admits that it had a lending relationship with Preferable People, LLC, Frank Mongelluzzi ("Frank"), and related entities as well as depository relationships with Frank and Anne Mongelluzzi ("Anne") and other entities owned by one or both of them. Answering further, the terms of those relationships are set forth in their respective loan and depository agreements, which documents speak for themselves, and Regions is otherwise without knowledge of the allegations of paragraph 19 of the Complaint.

20. Regions is without knowledge of the allegations contained in paragraph 20 and therefore denies them.

21. Regions is without knowledge of the allegations contained in paragraph 21 and therefore denies them.

112364850.1

22. Regions is without knowledge of the allegations contained in paragraph 22 and therefore denies them. Answering further, the referenced e-mail correspondence between Bob Pierce and Anne does not purport to have been generated by, or addressed to, anyone at Regions and thus, Regions is without knowledge of such allegations and therefore denies those allegations.

### C.    Illicit Use of the Bank Accounts

23. Regions is without knowledge of the allegations contained in paragraph 23 and therefore denies them.

24. Regions is without knowledge of the allegations contained in paragraph 24 and therefore denies them.

25. Regions is without knowledge of the allegations contained in paragraph 25 and therefore denies them.

26. Regions is without knowledge of the allegations contained in paragraph 26 (including all subparts) and therefore denies them.

27. Regions is without knowledge of the allegations contained in paragraph 27 and therefore denies them.

28. Regions is without knowledge of the allegations contained in paragraph 28 and therefore denies them.

### D.    Regions Acquires Knowledge of Debtor's Insolvency and the Check Kiting Scheme Through Account Activity Monitoring and Administration of the Regions Revolver

29. Regions denies the allegations contained in paragraph 29.

30. Regions denies the allegations contained in paragraph 30.

31. Regions is without knowledge of the allegations contained in paragraph 31 and therefore denies them.

32. Regions denies the allegations of paragraph 32 of the Complaint.

33. Regions is without knowledge of the allegations contained in paragraph 33 (including all subparts) and therefore denies them.

34. Regions denies the allegations of paragraph 34 of the Complaint.

35. Regions denies the allegations of paragraph 35 of the Complaint.

36. Regions denies the allegations of paragraph 36 of the Complaint.

37. Regions is without knowledge of the allegations contained in paragraph 37 and therefore denies them.

38. Regions denies the allegations of paragraph 38 of the Complaint.

39. Regions denies the allegations of paragraph 39 of the Complaint.

E. **Collapse of the Check Kiting Scheme in the Summer of 2010**

40. Regions is without knowledge of the allegations contained in paragraph 40 and therefore denies them.

41. Regions is without knowledge of the allegations contained in paragraph 41 and therefore denies them.

F. **Regions' Response to the Collapse of Check Kiting Scheme**

42. Regions admits that it entered into a forbearance agreement with Frank and various other parties to that agreement and answers further that the terms of that forbearance agreement speak for themselves. Regions is without knowledge of the remaining allegations contained in paragraph 42 (including all subparts) and therefore denies them.

43. Regions denies the allegations of paragraph 43 of the Complaint.

112364850.1

44. Regions denies the allegations of paragraph 44 of the Complaint.

45. Regions is without knowledge of the allegations contained in paragraph 45 and therefore denies them.

G. **The Able Body Labor Businesses' Assets Are Sold to Michael D. Traina and MDT Personnel, LLC On or About September 2, 2010 Solely in Exchange for Satisfaction of the Entities' Then Current Outstanding Senior Indebtedness**

46. Regions admits that it is aware that an asset purchase agreement was executed between the parties thereto and answers further that the terms of any such documents speak for themselves. Regions is otherwise without knowledge of the allegations contained in paragraph 46 and therefore denies them.

47. Regions is without knowledge of the allegations contained in paragraph 47 and therefore denies them.

48. Regions admits that the public records of the U.S. Securities and Exchange Commission indicate that MDT apparently entered into a transaction with TrueBlue and answers further that such documents speak for themselves. Regions is otherwise without knowledge of the remaining allegations contained in paragraph 48 and therefore denies them.

H. **Unlike Regions (Which Received Substantial Repayment of Obligations Owed by F. Mongelluzzi and the Debtor After It Was Aware of His Insolvency and the Check Kiting Scheme), Other Legitimate Creditors Who Were Owed Hundreds of Millions of Dollars Were Left Out in the Cold Following the Able Body Labor Asset Sale and the Debtor Effectively Crumbled**

49. Regions admits the allegations of paragraph 49 of the Complaint.

50. Regions responds that to the extent that the allegations of paragraph 50 of the Complaint are based upon information contained in public records, those records speak for themselves and Regions is otherwise without knowledge of those allegations and therefore denies them.

51. Regions admits the allegations of paragraph 51 of the Complaint.

52. Regions responds that to the extent that the allegations of paragraph 52 of the Complaint are based upon information contained in public records, those records speak for themselves and Regions is otherwise without knowledge of those allegations and therefore denies them.

### I. The Transfers

53. Regions denies the allegations of paragraph 53 of the Complaint.

54. Regions denies the allegations of paragraph 54 of the Complaint.

55. Regions denies the allegations of paragraph 55 of the Complaint.

56. Regions is without knowledge of the allegations of paragraph 56 as it appears to contain a legal determination and therefore Regions denies them.

57. Regions is without knowledge of the allegations contained in paragraph 57 and therefore denies them.

### IV. CLAIMS

#### COUNT I
#### (Actual and Constructive Fraud)
Avoidance and Recovery of Fraudulent Transfers Pursuant to
11 U.S.C. § 544(b) and Florida Statute §§ 726.105(1)(a), 725.105(1)(b), and
726.108 and/or Otherwise Applicable Law – Other Loan Repayment Transfers

58. Regions repeats its responses to paragraphs 1 through 57 above as set forth herein.

59. Regions is without knowledge of the allegations of paragraph 59 and therefore denies them. Answering further, Regions denies that Plaintiff is entitled to any claim for relief against Regions under Count I.

60. Regions denies the allegations of paragraph 60 (including all subparts) of the Complaint.

112364850.1

61. Regions denies the allegations of paragraph 61 (including all subparts) of the Complaint.

62. Regions is without knowledge of the allegations of paragraph 62 and therefore denies them.

63. Regions denies the allegations of paragraph 63 of the Complaint.

## COUNT II
### (Constructive Fraud)
Avoidance and Recovery of Fraudulent Transfers Pursuant to
11 U.S.C. § 544(b) and Florida Statute §§ 726.106(1) and 726.108 and/or
Otherwise Applicable Law – Overdraft Loan Repayment Transfers

64. Regions repeats its responses to paragraphs 1 through 57 above as set forth herein.

65. Regions is without knowledge of the allegations of paragraph 65 and therefore denies them. Answering further, Regions denies that Plaintiff is entitled to any claim for relief against Regions under Count II.

66. Regions denies the allegations of paragraph 66 (including all subparts) of the Complaint.

67. Regions is without knowledge of the allegations of paragraph 62 and therefore denies them.

68. Regions denies the allegations of paragraph 68 of the Complaint.

## COUNT III
### (Unjust Enrichment)

69. Regions repeats its responses to paragraphs 1 through 57 above as set forth herein.

70. Regions is without knowledge of the allegations of paragraph 70 and therefore denies them. Answering further, Regions denies that Plaintiff is entitled to any claim for relief against Regions under Count III.

71. Regions is without knowledge of the allegations of paragraph 71 and therefore Regions denies them.

72. Regions denies the allegations of paragraph 72 of the Complaint.

73. Regions is without knowledge of the allegations of paragraph 73 and therefore Regions denies them.

74. Regions denies the allegations of paragraph 74 of the Complaint.

75. Regions denies the allegations of paragraph 75 of the Complaint.

## COUNT IV
### (Aiding and Abetting Breach of Fiduciary Duty)

76. Regions repeats its responses to paragraphs 1 through 57 above as set forth herein.

77. Regions is without knowledge of the allegations of paragraph 77 and therefore Regions denies them. Answering further, Regions denies that Plaintiff is entitled to any claim for relief against Regions under Count IV.

78. Regions is without knowledge of the allegations of paragraph 78 and therefore Regions denies them.

79. Regions is without knowledge of the allegations of paragraph 79 as it appears to contain a legal determination and therefore Regions denies them.

80. Regions is without knowledge of the allegations of paragraph 80 and therefore Regions denies them.

81. Regions denies the allegations of paragraph 81 (including all subparts) of the Complaint.

82. Regions denies the allegations of paragraph 82 of the Complaint.

83. Regions is without knowledge of the allegations of paragraph 83 and therefore Regions denies them.

84. Regions denies the allegations of paragraph 84 of the Complaint.

## COUNT V
### (Recovery of Property Pursuant to 11 U.S.C. § 550)
### Other Loan Repayment Transfers and Other Loan Repayment Transfers (*sic*)

85. Regions repeats its responses to paragraphs 1 through 57 above as set forth herein.

86. Regions is without knowledge of the allegations of paragraph 86 and therefore Regions denies them. Answering further, Regions denies that Plaintiff is entitled to any claim for relief against Regions under Count V.

87. Regions is without knowledge of the allegations of paragraph 87 and therefore Regions denies them.

V. **JURY TRIAL DEMAND**

88. Regions denies that Plaintiff is entitled to a jury trial on any issue or claim raised in the Complaint.

### General Response to All Allegations of the Amended Complaint

Answering generally with respect to all allegations contained in the Complaint, Regions denies all allegations not specifically and particularly (without any inference or implication) admitted in this Answer.

### AFFIRMATIVE DEFENSES

In addition to the foregoing responses and answers to the corresponding numbered paragraphs of the Complaint, Regions asserts the following specific affirmative defenses to the claims asserted (if any) in the Complaint, as follows:

### First Affirmative Defense
### (Failure to state a claim upon which relief can be granted)

Plaintiff has failed to state a claim upon which relief can be granted because Plaintiff has failed to allege actual fraudulent intent under Section 726.105(1)(a) under the requisite specificity mandated by Fed.R.Bankr.P. 7009.

112364850.1

### Second Affirmative Defense
### (Failure to state a claim upon which relief can be granted)

Plaintiff failed to state a claim upon which relief can be granted because Plaintiff has failed to meet the requisite pleading standards of Fed.R.Bankr.P. 7008. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

### Third Affirmative Defense
### (Lack of standing under 11 U.S.C. & 544(b))

Plaintiff lacks standing to assert any claims against Regions based on Chapter 726, Florida Statutes, because she has failed to either properly allege and identify at least one actual unsecured creditor, as required by 11 U.S.C. § 544(b), that would have standing to avoid any of the alleged transfers described in her Amended Complaint.

### Fourth Affirmative Defense
### (Failure to state a claim upon which relief can be granted)

Plaintiff failed to state a claim for constructive fraud, within the meaning of Sections 726.105(b) or 726.106, because any payments received by Regions from Debtor were either in satisfaction of a security interest held by Regions or Regions statutory security interest under Section 674.2101, Florida Statutes.

### Fifth Affirmative Defense
### (Failure to state a claim upon which relief can be granted)

Plaintiff failed to state a claim upon which relief can be granted to recover any actual intentional fraudulent transfer under Section 726.105 because Plaintiff has not properly alleged that Debtor committed any of the requisite "badges of fraud" as required under applicable Florida law. All the Plaintiff has even attempted to allege is a "massive check-kite scheme" which is neither factually or legally correct under her own allegations; nor does a check-kite constitute (or satisfy) any aspect of an "actual intent" fraudulent transfer under applicable Florida law.

112364850.1

### Sixth Affirmative Defense
### (Failure to state a claim upon which relief can be granted)

Plaintiff failed to state a claim upon which relief can be granted because Plaintiff has failed to allege or show any causation or nexus between any alleged check kite and the Overdraft Loan Repayments she alleges.

### Seventh Affirmative Defense
### (Failure to state a claim upon which relief can be granted)

Plaintiff failed to state a claim upon which relief can be granted for constructive fraud under either 726.105(1)(b) or 726.106 because Plaintiff has failed to show that Debtor (or more specifically, any alleged identified, or as yet unidentified, transferor) was insolvent at the specific time of each of the alleged transfers (or made insolvent thereby) or insolvent during the alleged time period of 2007 — 2011.

### Eighth Affirmative Defense
### (Failure to state a claim upon which relief can be granted)

Plaintiff failed to state a claim upon which relief can be granted because the allegations of the Amended Complaint are internally contradictory and conflicting to the point of repugnancy. Specifically, without limitation, Plaintiff alleges on the one hand that Regions had a duty to detect, prevent and stop Debtor's allegedly fraudulent activity through the alleged check-kite and failed to perform that duty, but then Plaintiff claims injury because Regions allegedly did take certain alleged actions which resulted in stopping what Plaintiff contends was a check-kiting scheme.

### Ninth Affirmative Defense
### (Failure to state a claim upon which relief can be granted)

Plaintiff failed to state a claim upon which relief can be granted for constructive fraud under Section 726.109(1) because for each alleged type of transfer alleged by Plaintiff, Regions took in good faith and gave reasonably equivalent value in exchange therefor including, but not limited to, the satisfaction of antecedent debt owed by Debtor to Regions.

112364850.1

### Tenth Affirmative Defense
### (Section 726.109(5)(b))

Any transfer to Regions alleged by Plaintiff under Sections 726.105(1)(b) or 726.106 for any alleged Other Loan Repayment is not voidable because it was received by Regions in enforcement of either its statutory security interest under 674.2101 or its consensual security interests.

### Eleventh Affirmative Defense
### (Set-off)

Any recovery obtained by Plaintiff against Regions is subject to set-off against the amounts owed by Debtor to Regions.

### Twelfth Affirmative Defense
### (Common Enterprise)

Plaintiff failed to state a claim upon which relief can be granted because any transfers payments to, or monies received by, Regions were not "transfers" of any assets of this Debtor, and they were made to pay any obligations of any of the Businesses (as defined in the Complaint) and therefore provided both a direct and indirect benefit to this Debtor, which operated as part of a common enterprise/single economic unit with the other Businesses, caused no diminution in this Debtor's (or any debtor's) estate, and were all made in good faith without any intent to hinder, delay, or defraud creditors.

/s/ Edmund S. Whitson, III
Edmund S. Whitson, III, Esq.
Florida Bar Number: 0897272
Arnstein & Lehr LLP
302 Knights Run Avenue, Ste. 1100
Tampa, FL 33602
Telephone: 813-254-1400
eswhitson@arnstein.com
jrstefko@arnstein.com
tampaservice1@arnstien.com

112364850.1

/s/ Robert C. Goodrich, Esq.
Robert C. Goodrich, III, Esq.
Burr Forman LLP
3102 West End Avenue, Ste. 700
Nashville, TN 37203
Telephone: 615-724-3212

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by CM/ECF on April 13, 2015.

/s/ Edmund S. Whitson, III
Edmund S. Whitson, III

112364850.1